Singh v. Garland

BIA
Wilson, IJ
A206 521 061

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> BETH ROBINSON,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

AMARJIT SINGH,
> *Petitioner*,

v.                                                  **20-1993**
                                                    **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Jaspreet Singh, Esq., Law Office of Jaspreet Singh, Jackson Heights, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Craig W. Kuhn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Amarjit Singh, a native and citizen of India, seeks review of a June 9, 2020 decision of the BIA affirming a May 8, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Amarjit Singh,* No. A 206 521 061 (B.I.A. June 9, 2020), *aff'g* No. A 206 521 061 (Immig. Ct. N.Y. City May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA and consider only the adverse credibility determination on which the BIA relied. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review adverse credibility determinations

under a substantial evidence standard, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's fact-finding as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence

3

supports the agency's adverse credibility determination.

Singh alleged that he was persecuted by members of the Congress Party on account of his work for the Shiromani Akali Dal Mann Party. The agency did not err in relying on inconsistencies between Singh's border interview, credible fear interview, application, and testimony regarding when he was allegedly beaten by Congress Party members and whether he was arrested during the incidents because the interview records have sufficient indicia of reliability. Both interviews were memorialized in a verbatim question and answer format, the interviewers asked questions designed to elicit an asylum claim, and there was no indication that Singh had difficulty understanding or answering questions. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004); *see also Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009); *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir. 2005).

The agency reasonably relied on inconsistencies between the border interview and later statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh stated at the border interview that he was arrested, but in subsequent statements said he

4

was not. And he gave different dates for the two alleged beatings by Congress Party members. The agency reasonably determined that Singh failed to provide a sufficient explanation for the inconsistences. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Contrary to Singh's position, the agency did not err in relying, in part, on the date discrepancy. The agency may "rely on *any* inconsistency," *Xiu Xia Lin*, 534 F.3d at 167, and Singh's statements created direct inconsistencies about the circumstances and dates of the two incidents of physical harm that were the basis of his claim, *see Hong Fei Gao*, 891 F.3d at 79 ("[A]n applicant's testimonial discrepancies . . . must be weighed in light of their significance to the total context of his . . . claim of persecution." (quotation marks omitted)).

In addition to the inconsistencies, the agency reasonably concluded that the lack of reliable corroborating evidence

further undermined Singh's credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Singh's corroborating evidence was entitled to little weight and undermined his claim because Singh testified that most of the authors of the letters and affidavits did not witness the attacks and a letter documenting Singh's medical treatment after the second alleged attack was prepared years after the treatment and was not supported by contemporaneous records. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Taken cumulatively, the inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[T]his court [has] recognized that even a single inconsistency might preclude an alien from showing

6

that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 166–67; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court